Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Kerry B. Brownlee (KB 0823)
kbrownlee@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff*
*Telebrands Corp.*

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TELEBRANDS CORP., | **23-cv-1982 (JSR)** |
| *Plaintiff* | |
| v. | **[PROPOSED]** *a*<br>**PRELIMINARY**<br>**INJUNCTION ORDER** |
| ANHUIDONGTUOJIANSHEGONGCHENGYOUXI ANGONGSI d/b/a GFW ONLINE; DAYEJIANGONGJITUANYOUXIANZERENGON GSI d/b/a/ HOGEL; JIAOZUOLONGJINSHANGMAOYOUXIANGONG SI d/b/a ALANM; SHENZHENSHIBANLOUMINGKEJIYOUXIANGO NGSI d/b/a ROARINGWILD; WU HAN HE YI LUN SHANG MAO YOU XIAN GONG SI d/b/a YILUNMAOXIANFDSHHEHAN; WUHANSHIQIANLEI SHANGMAO YOUXIANGONGSI d/b/a LYCKIS--US; and YANCHAO d/b/a CASTLE TRADING CO., | |
| *Defendants* | |

## GLOSSARY

| Term | Definition |
|------|------------|
| **Plaintiff or Telebrands** | Telebrands Corp. |
| **Defendants** | Anhuidongtuojianshegongchengyouxiangongsi d/b/a GFW Online; Dayejiangongjituanyouxianzerengongsi d/b/a Hogel; Jiaozuolongjinshangmaoyouxiangongsi d/b/a AlanM; Shenzhenshibanloumingkejiyouxiangongsi d/b/a ROARINGWILD; Wu Han He Yi Lun Shang Mao You Xian Gong Si d/b/a yilunmaoxianfdshhehan; Wuhanshiqianlei Shangmao Youxiangongsi d/b/a Lyckis--US; and Yanchao d/b/a Castle Trading Co. |
| **Amazon** | Amazon.com, a Seattle, Washington-based, online marketplace and e-commerce platform owned by Amazon.com, Inc., a Delaware corporation, that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **Complaint** | Plaintiff's Complaint, filed in the instant action on March 8, 2023 |
| **Application** | Plaintiff's *ex parte* application for: 1) a temporary restraining order; 2) an order restraining Defendants' Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service; and 5) an order authorizing expedited discovery |
| **Iyer Dec.** | Declaration of Bala Iyer in Support of Plaintiff's Application |
| **Drangel Dec.** | Declaration of Jason M. Drangel in Support of Plaintiff's Application |
| **Authentic Ruby Space Triangles Product(s)** | Plaintiff's garment hanging device that fits over any hanger to vertically hang multiple items in order to save up to 70% more space in a closet |

| Term | Definition |
|---|---|
| **Ruby Space Triangles Registration** | U.S. Trademark Registration No. 6,996,790 for "RUBY SPACE TRIANGLES" for goods in Class 20 |
| **Ruby Space Triangles Word Mark** | The mark covered by U.S. Trademark Registration No. 6,996,790 (i.e., "RUBY SPACE TRIANGLES") |
| **Ruby Space Triangles Application** | U.S. Trademark Application Ser. No. 97/788,120 for the trade dress, depicted as  for goods in Class 20 |
| **Ruby Space Triangles Trade Dress** | The trade dress covered by the Ruby Space Triangles Application, depicted as  and defined as "a three-dimensional configuration of the product design having a small triangle shape with a large triangle shape behind it." |
| **Ruby Space Triangles Marks** | The Ruby Space Triangles Word Mark and the Ruby Space Triangles Trade Dress |
| **Ruby Space Triangles Works** | The works covered by U.S. Copyright Reg. Nos. VA 2-331-031 covering the Ruby Space Triangles Packaging and Instruction Manual, PA 2-385-721 covering the Ruby Space Triangles Commercial, and VA 2-333-786 covering the Ruby Space Triangles Website |
| **Plaintiff's Website** | Plaintiff's fully interactive website located at www.spacetriangles.com |
| **Plaintiff's Storefront** | Plaintiff's storefront on Amazon through which it sells the Authentic Ruby Space Triangles Products |

| Term | Definition |
|------|-----------|
| **Infringing Products** | Defendants' products advertised, offered for sale and/or sold by Defendants via, at a minimum, Defendants' Merchant Storefronts (as defined *infra*) on Amazon, which bear, use and/or are offered for sale and/or sold in connection with the Ruby Space Triangles Marks and/or Ruby Space Triangles Works, and/or which bear, use and/or are offered for sale and/or sold in connection with marks and/or artwork that are confusingly or substantially similar to the Ruby Space Triangles Marks and/or Ruby Space Triangles Works and/or which are identical or confusingly similar to the Authentic Ruby Space Triangles Product |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any of Defendants' Merchant Storefronts (as defined *infra*) (whether said accounts are located in the U.S. or abroad) |
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as PayPal Inc. ("PayPal"), Payoneer Inc., the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group), PingPong Global Solutions, Inc., Stripe Payments Canada, Ltd. and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants |
| **User Account(s)** | Any and all websites and any and all accounts with online marketplace platforms such as Amazon, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, and/or each of their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Merchant Storefront(s)** | Any and all User Accounts, including, without limitation, on Amazon, through which Defendants, and/or each of their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Infringing Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |

| Term | Definition |
|---|---|
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly by Amazon, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendant, its respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Infringing Products, which are hereinafter identified as a result of any order entered in this action, or otherwise |

WHERAS, Plaintiff moved *ex parte* on March 21, 2023 against Defendants for the following: 1) a temporary restraining order; 2) an order restraining Defendants' Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery;

WHEREAS, the Court entered an Order granting Plaintiff's Application on April 7, 2023 ("TRO"), which ordered Defendants to appear on April 18, 2023 at 12:00 p.m. to show cause why a preliminary injunction should not issue ("Show Cause Hearing");

WHEREAS, on April 7, 2023, the Court entered a Notice of Court Conference ("Notice of Court Conference");

WHEREAS, on April 12, 2023, pursuant to the alternative methods of service authorized by the TRO, Plaintiff served the Summons, Complaint, TRO, and all papers filed in support of the Application on each and every Defendant;

WHEREAS, on April 13, 2023, pursuant to the alternative methods of service authorized by the TRO, Plaintiff served the Notice of Court Conference on each and every Defendant; and

WHEREAS, on April 18, 2023 at 12:00 p.m., the Court held the Show Cause Hearing.

## ORDER

1.  The injunctive relief previously granted in the TRO shall remain in place through the pendency of this litigation, and issuing this Order is warranted under Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act.

    a) Accordingly, Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

1

i. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Infringing Products;

ii. directly or indirectly infringing in any manner Plaintiff's Ruby Space Triangles Marks, and/or Ruby Space Triangles Works;

iii. using Plaintiff's Ruby Space Triangles Marks, and/or Ruby Space Triangles Works and/or any other marks or works that are confusingly or substantially similar to the Ruby Space Triangles Marks, and/or Ruby Space Triangles Works on or in connection with Defendants' manufacturing, importation, exportation, advertising, marketing, promotion, distribution, offering for sale, sale and/or otherwise dealing in Infringing Products;

iv. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities and Plaintiff;

v. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Infringing Products and/or (ii) any computer files, data, business records, documents or any other records or

2

evidence relating to Defendants' Merchant Storefronts and/or the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Infringing Products;

vi. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform or device for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

vii. knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(vi) above and 1(b)(i) through 1(b)(ii) and 1(c)(i) below.

b) Accordingly, the Third Party Service Providers and Financial Institutions are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

i. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts until further ordered by this Court;

ii. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defendants' Merchant Storefronts, Defendants' Assets and Defendants' Financial Accounts; and

      iii. knowingly instructing any person or business entity to engage in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(vi) and 1(b)(i) through 1(b)(ii) above and through 1(c)(i) below.

  c) Accordingly, the Third Party Service Providers are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

      i. providing services to Defendants, including, without limitation, those relating to the continued operation of Defendants' User Accounts and Merchant Storefronts, and the shipment of Defendants' Infringing Products;

      ii. knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(vi), 1(b)(i) through 1(b)(ii) and 1(c)(i) above.

2. As sufficient cause has been shown, the asset restraint granted in the TRO shall remain in place through the pendency of this litigation, including that:

  a) within five (5) days of receipt of notice of this Order, any newly discovered Financial Institutions who are served with this Order shall locate and attach Defendants' Financial Accounts, shall provide written confirmation of such attachment to Plaintiff's counsel and provide Plaintiff's counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendants and Defendants' User Accounts, contact information for Defendants (including mailing addresses and e-mail addresses), account numbers and account balances for any and all of Defendants' Financial Accounts.

3. As sufficient cause has been shown, the expedited discovery previously granted in the TRO

shall remain in place through the pendency of this litigation, including that:

a) Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

b) Plaintiff may serve requests for the production of documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Defendants who are served with this Order, their respective officers, employees, agents, servants and attorneys and all persons in active concert or participation with any of them who receive actual notice of this Order shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

c) Within fourteen (14) days after receiving notice of this Order, all Financial Institutions who receive service of this Order shall provide Plaintiff's counsel with all documents and records in their possession, custody or control (whether located in the U.S. or abroad), relating to any and all of Defendants' Financial Accounts, including, but not limited to, and records relating to:

   i.   account numbers;

   ii.  current account balances;

   iii. any and all identifying information for Defendants and/or Defendants' Merchant Storefronts, including, but not limited to names, addresses and contact information;

   iv.  any and all account opening documents and records, including, but not limited

5

to, account applications, signature cards, identification documents, and if a business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;

v.   any and all deposits and withdrawal during the previous year from each and every of Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements;

vi.   any and all wire transfers into each and every of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number.

d) Within fourteen (14) days after receiving notice of this Order, the Third Party Service Providers who receive service of this Order shall provide Plaintiff's counsel with all documents and records in their possession, custody or control (whether located in the U.S. or abroad), relating to any and all of Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

i.   any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts that Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the Third Party Service Providers that were not previously provided pursuant to Paragraph V(C) of the TRO;

ii.   the identities, location and contact information, including any and all e-mail

6

addresses of Defendants that were not previously provided pursuant to Paragraph V(C) of the TRO;

   iii. the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts, and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

   iv. Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Infringing Products, or any other products bearing the Ruby Space Triangles Marks, and/or Ruby Space Triangles Works that are confusingly or substantially similar to, identical to and constitute an infringement of the Ruby Space Triangles Marks, and/or Ruby Space Triangles Works.

4. As sufficient cause has been shown, and pursuant to FRCP 4(f)(3), service may be made on, and shall be deemed effective as to Defendants if it is completed by the following means:

   a) delivery of: (i) a PDF copy of this Order, and (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com and via website publication through a specific page dedicated to this lawsuit accessible through ipcounselorslawsuit.com) where each Defendant will be able to download a PDF copy

7

of this Order to Defendants' e-mail addresses as identified by Amazon pursuant to Paragraph V(C) of the TRO or may otherwise be determined.

5. IT IS FURTHER ORDERED, as sufficient cause has been shown, that service may be made and shall be deemed effective as to the following if it is completed by the below means:

   a) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal Inc. will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

   b) delivery of: (i) a true and correct copy of this Order via Federal Express to Amazon.com, Inc. at Corporation Service Company 300 Deschutes Way SW, Suite 304, Tumwater, WA 98501, (ii) a PDF copy of this Order or (iii) a link to a secure website where Amazon.com, Inc. and Amazon Pay will be able to download a PDF copy of this Order via electronic mail to tro-notices@amazon.com;

   c) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to Payoneer Inc.'s Customer Service Management at customerservicemanager@payoneer.com and subpoenas@payoneer.com and Holly Clancy and Melissa Godwin, counsel for Payoneer Inc., at Holly.Clancy@us.dlapiper.com and Melissa.Godwin@us.dlapiper.com, respectively; and

   d) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to legal-int@pingpongx.com.

6. As sufficient cause has been shown, that such alternative service by electronic means ordered

8

in the TRO and herein shall be deemed effective as to Defendants, Third Party Service Providers and Financial Institutions through the pendency of this action.

7. Defendants are hereby given notice that they may be deemed to have actual notice of the terms of this Order and any act by them or anyone of them in violation of this Order may be considered and prosecuted as in contempt of this Court.

8. The $5,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Order is terminated.

9. This Order shall remain in effect during the pendency of this action, or until further order of the Court.

10. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by the Court.

**SO ORDERED.**

SIGNED this _18th_ day of _April_, 2023, at _12:10_ p..m.
New York, New York

HON. JED S. RAKOFF
UNITED STATES DISTRICT JUDGE

9