Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Kerry B. Brownlee (KB 0823)
kbrownlee@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff*
*Telebrands Corp.*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TELEBRANDS CORP.,<br><br>*Plaintiff*<br><br>v.<br><br>ANHUIDONGTUOJIANSHEGONGCHENGYOUXIAN GONGSI d/b/a GFW ONLINE; DAYEJIANGONGJITUANYOUXIANZERENGONGSI d/b/a/ HOGEL; JIAOZUOLONGJINSHANGMAOYOUXIANGONGSI d/b/a ALANM; SHENZHENSHIBANLOUMINGKEJIYOUXIANGONG SI d/b/a ROARINGWILD; WU HAN HE YI LUN SHANG MAO YOU XIAN GONG SI d/b/a YILUNMAOXIANFDSHHEHAN; WUHANSHIQIANLEI SHANGMAO YOUXIANGONGSI d/b/a LYCKIS--US; and YANCHAO d/b/a CASTLE TRADING CO.,<br><br>*Defendants* | CIVIL ACTION No.<br>23-cv-1982 (JSR)<br><br>[PROPOSED]<br>FINAL DEFAULT<br>JUDGMENT AND<br>PERMANENT<br>INJUNCTION ORDER |

# GLOSSARY

| Term | Definition | Docket Entry Number |
|---|---|---|
| **Plaintiff or Telebrands** | Telebrands Corp. | N/A |
| **Defendants** | Anhuidongtuojianshegongchengyouxiangongsi d/b/a GFW Online; Dayejiangongjituanyouxianzerengongsi d/b/a/ Hogel; Jiaozuolongjinshangmaoyouxiangongsi d/b/a AlanM; Shenzhenshibanloumingkejiyouxiangongsi d/b/a ROARINGWILD; Wu Han He Yi Lun Shang Mao You Xian Gong Si d/b/a yilunmaoxianfdshhehan; Wuhanshiqianlei Shangmao Youxiangongsi d/b/a Lyckis--US; and Yanchao d/b/a Castle Trading Co. | N/A |
| **Counterfeiting Defendants** | Jiaozuolongjinshangmaoyouxiangongsi d/b/a AlanM; Wu Han He Yi Lun Shang Mao You Xian Gong Si d/b/a yilunmaoxianfdshhehan; Wuhanshiqianlei Shangmao Youxiangongsi d/b/a Lyckis—US; and Yanchao d/b/a Castle Trading Co. | N/A |
| **Amazon** | Amazon.com, a Seattle, Washington-based, online marketplace and e-commerce platform owned by Amazon.com, Inc., a Delaware corporation, that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York | N/A |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff | N/A |
| **Complaint** | Plaintiff's Complaint, filed in the instant action on March 8, 2023 | Dkt. 1 |
| **Application** | Plaintiff's *ex parte* application for: 1) a temporary restraining order; 2) an order restraining Defendants' Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery | Dkts. 12-16 |
| **Iyer Dec.** | Declaration of Bala Iyer in Support of Plaintiff's Application | Dkt. 14 |
| **Drangel Dec.** | Declaration of Jason M. Drangel in Support of Plaintiff's Application | Dkt. 15 |

| Term | Definition | Docket Entry Number |
|---|---|---|
| **Authentic Ruby Space Triangles Product(s)** | Plaintiff's garment hanging device that fits over any hanger to vertically hang multiple items in order to save up to 70% more space in a closet | N/A |
| **Ruby Space Triangles Registration** | U.S. Trademark Registration No. 6,996,790 for "RUBY SPACE TRIANGLES" for goods in Class 20 | N/A |
| **Ruby Space Triangles Word Mark** | The mark covered by U.S. Trademark Registration No. 6,996,790 (i.e., "RUBY SPACE TRIANGLES") | N/A |
| **Ruby Space Triangles Application** | U.S. Trademark Application Ser. No. 97/788,120 for the trade dress, depicted as [image] for goods in Class 20 | N/A |
| **Ruby Space Triangles Trade Dress** | The trade dress covered by the Ruby Space Triangles Application, depicted as [image] and defined as "a three-dimensional configuration of the product design having a small triangle shape with a large triangle shape behind it." | N/A |
| **Ruby Space Triangles Marks** | The Ruby Space Triangles Word Mark and the Ruby Space Triangles Trade Dress | N/A |
| **Ruby Space Triangles Works** | The works covered by U.S. Copyright Reg. Nos. VA 2-331-031 covering the Ruby Space Triangles Packaging and Instruction Manual, PA 2-385-721 covering the Ruby Space Triangles Commercial, and VA 2-333-786 covering the Ruby Space Triangles Website | N/A |
| **Plaintiff's Website** | Plaintiff's fully interactive website located at www.spacetriangles.com | N/A |
| **Plaintiff's Storefront** | Plaintiff's storefront on Amazon through which it sells the Authentic Ruby Space Triangles Products | N/A |

| Term | Definition | Docket Entry Number |
|---|---|---|
| **Infringing Products** | Defendants' products advertised, offered for sale and/or sold by Defendants via, at a minimum, Defendants' Merchant Storefronts (as defined infra) on Amazon, which bear, use and/or are offered for sale and/or sold in connection with the Ruby Space Triangles Marks and/or Ruby Space Triangles Works, and/or which bear, use and/or are offered for sale and/or sold in connection with marks and/or artwork that are confusingly or substantially similar to the Ruby Space Triangles Marks and/or Ruby Space Triangles Works and/or which are identical or confusingly similar to the Authentic Ruby Space Triangles Product | N/A |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any of Defendants' Merchant Storefronts (as defined *infra*) (whether said accounts are located in the U.S. or abroad) | N/A |
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as PayPal Inc. ("PayPal"), Payoneer Inc., the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group), PingPong Global Solutions, Inc., Stripe Payments Canada, Ltd. and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants | N/A |
| **User Account(s)** | Any and all websites and any and all accounts with online marketplace platforms such as Amazon, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, and/or each of their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Merchant Storefront(s)** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |

| Term | Definition | Docket Entry Number |
|---|---|---|
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly, by Amazon, such as Amazon.com, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise | N/A |
| **TRO** | The Court's Order granting Plaintiff's Application on April 7, 2023 | N/A |
| **PI Show Cause Hearing** | Court hearing held on April 18, 2023 | N/A |
| **PI Order** | The Preliminary Injunction Order, entered on April 18, 2023 | Dkt. 18 |
| **Plaintiff's Motion for Default Judgment** | Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defendants filed on May 11, 2023 | TBD |
| **Brownlee Aff.** | Affidavit of Kerry B. Brownlee in Support of Plaintiff's Motion for Default Judgment | TBD |

This matter comes before the Court by motion filed by Plaintiff for the entry of a final judgment and permanent injunction by default against Defendants on Plaintiff's claims of trademark counterfeiting, trademark and trade dress infringement, false advertising, unfair competition and copyright infringement arising out of Defendants' willful infringement of the Ruby Space Triangles Marks and/or the Ruby Space Triangles Works, through, among other things, Defendants' prominent use of Plaintiff's Ruby Space Triangles Marks and/or Ruby Space Triangles Works on Defendants' Merchant Storefronts on Amazon and/or in connection with their advertisement, marketing, promotion, offering for sale and/or sale of Infringing Products.[1]

The Court, having considered the Memorandum of Law and Affidavit of Kerry B. Brownlee in support of Plaintiff's Motion for Default Judgment, the Certificate of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

## I. Defendants' Liability

1) Judgment is granted in favor of Plaintiff on all claims properly pleaded against Defendants in the Complaint.

## II. Damages Awards

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that because it would serve both the compensatory and punitive purposes of the Lanham Act's prohibitions on trademark counterfeiting and infringement, as well as the Copyright Act's prohibitions on willful infringement, and because Plaintiff has sufficiently set forth the basis for the statutory damages award requested in Plaintiff's Motion for Default Judgment, the Court finds such an award to

---

[1] Where a defined term is referenced and not defined herein, the defined term should be understood as it is defined in the Glossary.

be reasonable and Plaintiff is awarded Seventy-Five Thousand U.S. Dollars ($75,000.00) in statutory damages against each of the four (4) Counterfeiting Defendants pursuant to Section 15 U.S.C. § 1117(c) and/or 17 U.S.C. § 504(c) for a total of Three Hundred Thousand Dollars ($300,000.00), plus post-judgment interest.

### III. Permanent Injunction

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defendants, their respective officers, agents, servants, employees, successors and assigns and all persons acting in concert with or under the direction of Defendants (regardless of whether located in the United States or abroad), who receive actual notice of this Order are permanently enjoined and restrained from:

   A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Infringing Products;

   B. directly or indirectly infringing in any manner Plaintiff's Ruby Space Triangles Marks, and/or Ruby Space Triangles Works;

   C. using Plaintiff's Ruby Space Triangles Marks, and/or Ruby Space Triangles Works and/or any other marks or works that are confusingly or substantially similar to the Ruby Space Triangles Marks, and/or Ruby Space Triangles Works on or in connection with Defendants' manufacturing, importation, exportation, advertising, marketing, promotion, distribution, offering for sale, sale and/or otherwise dealing in Infringing Products;

   D. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product

2

manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities and Plaintiff;

E. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Infringing Products; and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to Defendants' Merchant Storefronts, Defendants' Assets and/or the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Infringing Products; and

F. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform or device for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants must deliver up for destruction to Plaintiff any and all Infringing Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defendants that infringe any of Plaintiff's trademarks, copyrights or other rights including, without limitation, the Ruby Space Triangles Marks and/or Ruby Space Triangles Works, or bear any marks and/or artwork that are confusingly or substantially similar to the Ruby Space Triangles Marks and/or Ruby Space Triangles Works pursuant to 15 U.S.C. § 1118;

3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Third Party Service Providers and Financial Institutions are permanently enjoined and restrained from:

   A. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying any of the Defendants' Assets from or to Defendants' Financial Accounts that were and/or are attached and frozen or restrained pursuant to the TRO and/or PI Order, or which are attached and frozen or restrained pursuant to any future order entered by the Court in this action until further ordered by this Court;

   B. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defendants' Merchant Storefronts, Defendants' Assets and/or Defendants' Financial Accounts; and

   C. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1) through III(3)(B) above and III(4)(A) below.

4) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Third Party Service Providers are permanently enjoined and restrained from:

   A. providing services to Defendants, including, without limitation, those relating to the continued operation of Defendants' User Accounts and Merchant Storefronts, and the shipment of Defendants' Infringing Products; and

   B. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1) through III(3)(B) and III(4)(A) above.

## IV. Dissolution of Rule 62(a) Stay

1) IT IS FURTHER ORDERED, as sufficient cause has been shown, the 30 day automatic stay on enforcing Plaintiff's judgment, pursuant to Fed. R. Civ. Pro. 62(a) is hereby dissolved.

## V. Miscellaneous Relief

1) Defendants may, upon proper showing and two (2) business days written notice to the Court and Plaintiff's counsel, appear and move for dissolution or modification of the provisions of this Order;

2) Any failure by Defendants to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property;

3) The Court releases the Five Thousand U.S. Dollar ($5,000.00) security bond that Plaintiff submitted in connection with this action to counsel for Plaintiff, Epstein Drangel, LLP, 60 East 42nd Street, Suite 1250, New York, NY 10165; and

4) This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

**SO ORDERED.**

SIGNED this 25th day of May, 2023, at 2:50 p.m.

HON. JED S. RAKOFF
UNITED STATES DISTRICT JUDGE